JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 08-6465-VBF (RCx)**                                **Dated**: November 3, 2008

Title:   Newport Property Investments, LLC v. David Wilson, Does 1-10

---

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

       Rita Sanchez                                              None Present
       Courtroom Deputy                                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

       None Present                                              None Present

**PROCEEDINGS (IN CHAMBERS):**       **COURT ORDER DENYING EMERGENCY RESTRAINING ORDER EX PARTE APPLICATION [dck#9], AND REMANDING CASE TO STATE COURT**

     The Court has received the Emergency Restraining Order Ex Parte Application filed by Defendant David Wilson, pro per, on November 3, 2008. As explained below, the Court **denies** the Ex Parte, and **remand**s the case to state court because Defendant, as the party that removed the case from state court, has not met his burden of establishing subject matter jurisdiction.

     By way of background, on October 1, 2008, the Court issued a Minute Order: (1) noting that Defendant's removal notice improperly alleged federal question jurisdiction on the basis of Defendant's counterclaims, and (2) setting an Order to Show Cause (OSC) re

MINUTES FORM 90                                                    Initials of Deputy Clerk   rs
CIVIL - GEN

why the case should not be remanded to state court, ordering the parties to file simultaneous responses no later than October 7, 2008.  On October 3, Defendant filed a response to the OSC.  On October 7, Plaintiff also filed a response, which the Court rejected for failure to comply with the Court's electronic filing requirements.  On October 17, the Defendant filed a Response and Objection to Plaintiff's Response.  Plaintiff never re-filed its response, so the Court has not read or received that filing.

In his October 3 response, Defendant contends that diversity jurisdiction exists because "Newport Property Investments, LLC, although not disclosed or documented in their state court records, is an Alaska Limited Liability Corporation . . . " (2:1-4).  The October 3 response also states: "Additionally, the California Secretary of State Corporations Business Portal, [sic] documents the plaintiff, Newport Property Investments, LLC, as a California Limited Liability Corporation . . . but claiming Alaska jurisdiction . . . ." (2:11-15).

A notice of removal based on diversity must state the citizenship of all parties.  In the case of a party that is an LLC or partnership, the notice must state the citizenship of all of the members/partners of each entity.  See Schwarzer, Tashima, Wagstaffe, California Practice Guide - Federal Civil Procedure Before Trial (The Rutter Group 2008) § 2.967 (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holding L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)); also, *McCune Motors v. New Century Buildings, LLC*, 2008 U.S. District. LEXIS 16850, *3 (S.D.Cal. March 5, 2008).  Defendant does not allege the *citizenship* of the members of Newport Property Investments, LLC. (The membership information set forth on Exhibit 2 to the response, identifying the Dharod Family Trust as the sole member of the LLC, is insufficient.)  Defendant, as the removing party, has the burden of establishing subject matter jurisdiction.  See Schwarzer, § 2:609.  Accordingly, Defendant's response to the OSC is inadequate.

"The Notice of Removal cannot be amended to add a separate basis for removal jurisdiction after the thirty day period [after defendant is served with the complaint]."  *Arco Environmental Remediation, L.L.C., v. Dep't of Health and Envt'l Quality of the State of Montana*, 213 F.3d 1108, 1117 (9th Cir. May 24, 2000).  Here, Plaintiff filed its complaint in state court on September 15, 2008, and Defendant filed his notice of removal on October 1, 2008.

MINUTES FORM 90                                          Initials of Deputy Clerk __rs__
CIVIL - GEN

Therefore, the 30-day window has closed to add a new basis for removal jurisdiction.  As stated above, the original basis for removal jurisdiction was federal question, so amendment would entail adding a new basis for jurisdiction, rather than merely curing a defective allegation of jurisdiction.  *See id.*

      Accordingly, the Court denies the Ex Parte and remands this case to state court for lack of subject matter jurisdiction.